IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORCAL WASTE SYSTEMS, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>APROPOS TECHNOLOGY, INC., an Illinois corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants.<br>_____/ | No. C 06-3410 CW<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

   Defendant Apropos Technology, Inc., moves pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) to dismiss the complaint filed against it by Plaintiff Norcal Waste Systems, Inc., and, in the alternative, to strike Plaintiff's claim for punitive damages. Plaintiff opposes the motion.  The matter was taken under submission on the papers.  Having considered all of the papers filed by the parties, the Court denies the motion to dismiss.

                         BACKGROUND

   Unless otherwise noted, the following facts are taken from the Complaint and are assumed to be true for purposes of this motion.

   Defendant asks the Court also to consider the parties' December 23, 2004 Customer Purchase and License Agreement

1  (hereinafter the License Agreement), attached as Exhibit A to the
2  Meretsky Declaration.  Plaintiff does not dispute that the License
3  Agreement is authentic and relevant to its claims, but argues that
4  it is confidential and thus Defendant's filing violates the
5  confidentiality clause.  Plaintiff may seek to protect the License
6  Agreement by establishing that it is privileged or protectable as a
7  trade secret and by requesting a Court order to seal it, in whole
8  or in part, pursuant to Civil Local Rule 79-5(a).  However,
9  Plaintiff has shown no reason why the Court should refuse to
10 consider the License Agreement in deciding Defendant's motion.  <u>See</u>
11 <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003) (noting
12 that courts may consider on a motion to dismiss documents
13 incorporated by reference into a complaint if referred to
14 extensively or if they form the basis for the plaintiff's claim).

15      Plaintiff, a California corporation, and Defendant, an
16 Illinois corporation, entered into a written contract ("the
17 Contract") on January 15, 2005, for a Multi-Channel Interactive
18 Management software solution ("MCIM Solution") related to telephony
19 voice processing to be used in Plaintiff's waste management
20 business.  While the parties were negotiating the terms of the
21 contract, Defendant represented to Plaintiff that the MCIM Solution
22 "contained tight integration with Plaintiff's existing telephony
23 voice processing information."  Complaint ¶ 8.  Defendant's
24 demonstrations of the product used "'canned' data, which did not
25 accurately represent how it would work with Plaintiff's existing
26 telephony infrastructure"; Defendant verbally indicated "that the
27 MCIM SOLUTION would work 'seamlessly' with Plaintiff's existing

2

telephony infrastructure"; and Defendant failed to include necessary hardware in its written "Customer Procurement" requirements. Id. ¶ 9. Plaintiff alleges that these representations regarding the MCIM Solution's ability to function with Plaintiff's existing telephony voice processing infrastructure were false, and that Plaintiff now finds it must "add and/or upgrade hardware and/or implement VoIP."[1] Id. ¶ 14. Plaintiff alleges that it reasonably relied on the false representations; that they were made with a reckless disregard for their truth or veracity; and that they were "mistaken and/or made with an intent to deceive Plaintiff for the purpose of inducing Plaintiff into entering into the CONTRACT." Id. ¶ 17. Plaintiff also alleges that Defendant's failure to provide an MCIM Solution that could operate using Plaintiff's existing telephony infrastructure constitutes a material failure of consideration in connection with the Contract.

Plaintiff paid Defendant $240,080.60 in consideration for the contract, as well as $3,137.24 for additional professional services. Plaintiff brings claims for (1) rescission of the Contract based on fraud, mutual mistake and failure of consideration; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) breach of the implied covenant of good faith and fair dealing; and (5) a common count for money had and

---

[1] Voice over Internet Protocol (VoIP) is a technology that allows a user to make telephone calls using a broadband Internet connection instead of a regular (or analog) phone line. Federal Communications Commission, Consumer & Governmental Affairs Bureau, Voice Over Internet Protocol: Frequently Asked Questions, http://www.fcc.gov/voip/ (last visited July 21, 2006).

3

received. Plaintiff seeks general and punitive damages, as well as costs and attorneys' fees.

In support of its motion to dismiss, Defendant notes that the License Agreement contains an integration clause that provides: "This Agreement sets forth the entire agreement of the parties with respect to the subject matter set forth herein and supersedes any and all prior agreements." License Agreement § 10.13. However, other portions of the License Agreement expressly incorporate by reference additional documents. According to § 5.1 of the License Agreement, Defendant warrants that the software "will conform to the functional specifications set forth in the Statement of Work and Documentation provided by Apropos to Customer." "Documentation" is defined to mean "any documentation that accompanies the Software." Id. § 1.8. Neither the Statement of Work nor the Documentation are part of the record before the Court.

Defendant also bases its motion to dismiss on the License Agreement's disclaimers and limitations of warranties. Other than the warranty in § 5.1, the License Agreement expressly limits applicable warranties:

> Apropos has no obligation, other than the limited warranty obligations set forth in this Section 5, to support any Software except as may be specifically agreed in writing by Apropos in a separate agreement or in an Attachment to this Agreement. Apropos does not warrant that any Software will meet Customer's requirements or that operation of the Software will be uninterrupted or error free.

License Agreement § 5.3. In addition, a disclaimer in bold, all capital typeface states,

> Except as expressly set forth in this Agreement, Apropos expressly disclaims any representations or warranties, express or implied, including any implied warranties of

4

> merchantability, fitness for a particular purpose and noninfringement, any implied warranties arising from course of dealing or course of performance and any warranties relating to the speed or proficiency with which the Software performs.

Id. § 6.2 (capitalization and emphasis omitted). Defendant's liability is limited:

> Under no circumstances will Apropos be liable for indirect, incidental, consequential, special or exemplary damages (even if Apropos has been advised of the possibility of such damages) arising from this Agreement, or the use or inability to use the Software . . . .

Id. § 6.1 (capitalization and emphasis omitted).

## LEGAL STANDARDS

### I.  Rule 12(b)(6)

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to

amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

II.  Rule 9(b)

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987), provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false."[2] In re GlenFed, Inc., Sec. Litig., 42 F.3d 1541, 1548 (9th Cir.

---

[2] Defendant mistakenly relies on Desaigoudar v. Meyercord, 223 F.3d 1020, 1022 (9th Cir. 2000) for the proposition that averments of fraud must be plead with a "high degree of meticulousness"; this standard refers to the requirements of the Private Securities Litigation Reform Act.

6

1  1994).  Scienter may be averred generally, simply by saying that it
2  existed.  See id. at 1547; see Fed. R. Civ. P. 9(b) ("Malice,
3  intent, knowledge, and other condition of mind of a person may be
4  averred generally").  As to matters peculiarly within the opposing
5  party's knowledge, pleadings based on information and belief may
6  satisfy Rule 9(b) if they also state the facts on which the belief
7  is founded.  Wool, 818 F.2d at 1439.

## DISCUSSION

### I.  Rescission and Intentional Misrepresentation Claims

Defendant moves to dismiss Plaintiff's claims for rescission and intentional misrepresentation on the grounds that (1) they rest on allegations of fraudulent representations which were not contained in the License Agreement, and thus evidence of those representations is barred by the parol evidence rule; and (2) the alleged misrepresentations are mere "sales talk" not actionable as fraud.  Defendant also moves to dismiss these claims on the grounds that they are not plead with the particularity required by Rule 9(b).

### A.  Parol Evidence Rule

#### 1.  Applicable Law

California law provides, "Terms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement of or a contemporaneous oral agreement."  Cal. Code Civ. P. § 1856(a). However, a court is required to consider preliminarily all credible parol evidence offered to prove the intention of the parties.

7

1  Pacific Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co., 69
2  Cal. 2d 33, 39 (1968); see also Trident Center v. Conn. Gen. Life.
3  Ins. Co., 847 F.2d 564, 565 (9th Cir. 1988) (under California law,
4  courts must interpret any contract by first considering extrinsic
5  parol evidence even if contract is unambiguous).  If, after
6  considering the evidence, the court determines that the language of
7  the contract is "fairly susceptible" to the proposed
8  interpretation, extrinsic evidence relevant to prove the meaning is
9  admissible.  Pacific Gas, 69 Cal. 2d at 40.
10      Thus, the applicable law is best summarized as a two-step
11 process.  First, the Court must "engage in a preliminary
12 consideration of credible evidence offered to prove the intention
13 of the parties."  U.S. Cellular Inv. Co. v. GTE Mobilnet, Inc., 281
14 F.3d 929, 939 (9th Cir. 2002).  The Court may consider subsequent
15 conduct of the parties in order to determine their contractual
16 intent.  Id. at 937.  Second, if the Court decides that the
17 evidence makes the contract "fairly susceptible" to an
18 interpretation contrary to its plain meaning, extrinsic evidence of
19 that contrary meaning is admissible in determining the parties'
20 contractual intent.  Id. at 939.  "Where the interpretation of
21 contractual language turns on a question of credibility of
22 conflicting extrinsic evidence, interpretation of the language is
23 not solely a judicial function."  Morey v. Vannucci, 64 Cal. App.
24 4th 904, 912-13 (1998) (emphasis in original.)  It is the
25 responsibility of the trier of fact to resolve this conflict.  Id.
26      Further, the rule excluding parol evidence does not apply
27 where the external evidence is used "to establish illegality or

8

1  fraud." Cal. Code Civ. P. § 1856(g). This exception is somewhat
2  limited. In <u>Bank of Am. Nat'l Trust and Sav. Ass'n v. Pendergrass</u>,
3  4 Cal. 2d 258, 263 (1935), where the California Supreme Court
4  stated,

> Our conception of the rule which permits parol evidence of fraud to establish the invalidity of the instrument is that it must tend to establish some independent fact or representation, some fraud in the procurement of the instrument or some breach of confidence concerning its use, and not a promise directly at variance with the promise of the writing.

<u>Cf. Continental Airlines, Inc. v. McDonnell Douglas Corp.</u>, 216 Cal. App. 3d 388, 419 (1989) (stating that fraud exception to parol evidence rule does not apply to allegations of promissory fraud unless false promise is independent of or consistent with the written instrument). For example, in <u>Wang v. Massey Chevrolet</u>, 97 Cal. App. 4th 856, 876 (2002), the court affirmed the trial court's summary judgment ruling on a claim for fraud on the grounds that an alleged oral agreement to allow pre-payment of a lease without penalty was "directly at variance" with the written contract's clear provision for a substantial charge in the event of prepayment, and thus the alleged oral agreement was inadmissible.

Another exception to the parol evidence rule has been created where "a mistake or imperfection of the writing is put in issue by the pleadings" or where "the validity of the agreement is the fact in dispute." Cal. Code Civ. P. § 1856(e); <u>see also</u> <u>Coast Bank v. Holmes</u>, 19 Cal. App. 3d 581, 590 (1971) ("parol evidence is admissible to show lack or failure of consideration"). The mistake exception to the parol evidence rule occurs "where the writing itself, through mistake, does not express the intention of the

9

parties who entered into it." Hess v. Ford Motor Co., 27 Cal. 4th 516, 525 (2002) (quoting Pasqualetti v. Galbraith, 200 Cal. App. 2d 378, 381 (1962)).

    2.   Analysis

Plaintiff's claims rest on both oral and written representations which it alleges were false, misleading or mistaken. See Complaint ¶ 9 (alleging that Defendant verbally indicated that the MCIM Solution would work seamlessly and specified in writing an incomplete list of required hardware). Defendant's argument that those alleged representations necessarily rest on inadmissible parol evidence is not well-taken, and is misplaced in the context of this motion to dismiss.

As an initial matter, in order for the Court to decide, as Defendant urges, that the License Agreement was intended by the parties to be a final and complete expression of their agreement, the Court would have to consider preliminarily all credible parol evidence, including all evidence relating to the allegations in Plaintiff's complaint. Such an analysis is not possible on Defendant's Rule 12(b)(6) motion. Plaintiff may be able to prove, consistent with both the allegations of the Complaint and the terms of the License Agreement, that the License Agreement is not a complete and integrated contract. Any such conclusion would be supported by the License Agreement's express reference to additional documents that are not before the Court.

Furthermore, even assuming that the License Agreement is an integrated, unambiguous instrument, Plaintiff may be able to prove, consistent with both the allegations of the Complaint and the terms

10

of the License Agreement, that some or all of the alleged false or misleading representations were not in direct variance (or were consistent) with the parties' written agreement. In fact, Plaintiff asserts that some of the alleged representations were contained within those written documents that are incorporated by reference into the License Agreement. Defendant itself acknowledges that it "promised that the Software would conform to the specifications set forth in the Statement of Work and Description." Def.'s Mot. at 9. In that event, the alleged representations could be admissible under the fraud exception to the parol evidence rule.

Finally, Plaintiff claims that the Contract is invalid due to mutual mistake or failure of consideration, also circumstances justifying the admission of parol evidence. Defendant has not shown any reason why Plaintiff could not, consistent with the Complaint and the License Agreement, show facts proving that the parties were mistaken about a term or terms contained in the Contract. Likewise, depending on the Court's construction of the Contract as a whole, it may be that Plaintiff can state a claim for rescission based on failure of consideration.

Therefore, the Court denies Defendant's motion to dismiss the claims for rescission and intentional misrepresentation based on the parol evidence rule.

B.  Sales Talk or Puffery

1.  Applicable Law

"[A]n expression of opinion or belief, if nothing more, and if so understood and intended, is not a representation of fact, and

11

although false, does not amount to actual fraud." Carlson v. Brickman, 110 Cal. App. 2d 237, 247 (1952) (quoting Stockton v. Hind, 51 Cal. App. 131, 136 (1921).  Thus, it cannot be grounds for fraud damages or rescission.  Id.  A "representation is one of opinion if it expresses only (a) the belief of the maker, without certainty, as to the existence of a fact; or (b) his judgment as to the quality, value, authenticity, or other matters of judgment." Gentry v. eBay, 99 Cal. App. 4th 816, 835 (2002) (quoting Rest. 2d Torts § 538A) (internal paragraph marks omitted).  "[P]redictions of future facts are ordinarily considered nonactionable expressions of opinion."  Richard P. v. Vista Del Mar Child Care Serv., 106 Cal. App. 3d 860, 865 (1980) (finding prediction that premature infant would be healthy child to be expression of opinion).  A seller's mere "puff talk" is also an expression of opinion that is not actionable as fraud.  Corbett v. Otts, 205 Cal. App. 2d 78, 83 (1962).  However, the opinion of a party with superior knowledge may be treated as a factual representation.  Cory v. Villa Properties, 180 Cal. App. 3d 592, 598-99, rev. denied (1986).

2.  Analysis

Defendant describes the alleged representation that its MCIM Solution "would work 'seamlessly' with Plaintiff's existing telephony infrastructure" as a non-actionable expression of opinion.  Although "seamlessly" could, arguably, be shown to be mere sales talk or puffery, the statement that the MCIM Solution "would work . . . with Plaintiff's existing telephony infrastructure" is not.  Neither is Defendant's alleged false representation regarding the necessary hardware or its alleged

12

misleading demonstration of how the MCIM Solution would work. Defendant has cited no apposite authority. Cf., e.g., InterPetrol Bermuda Ltd. v. Kaiser Aluminum Int'l Corp., 719 F.2d 992, 996 (9th Cir. 1983) (finding representation that "supplier had a reputation for dependability" to be opinion); Corbett, 205 Cal. App. 2d at 83 (representation that apartment was "very livable" and "better" than others was "seller's talk" or "puff talk"); Williams v. Lowenthal, 124 Cal. App. 179, 18 (1932) (seller's representation that phonograph machine would generate thirty dollars per month in profits found to be mere expression of opinion); Graphic Arts Sys. v. Scitex Am. Corp., No. CV-92-6997-WMB, 1993 U.S. Dist. LEXIS 21052, *25-*26 (C.D. Cal. May 26, 1993) (finding software seller's prediction of increased productivity to be opinion where productivity outcome depended on many factors under the control of plaintiffs as well as defendant). Unlike the statements found in those cases to be non-actionable opinion, Defendant's alleged representations were not nebulous predictions of value or quality. Moreover, Defendant presumably has superior knowledge of its own software system, and therefore even its expressed opinion regarding the operation of the MCIM Solution could be actionable if false. Therefore, the Court denies Defendant's motion to dismiss on this ground.

    C.  Pleading with Particularity

Plaintiff states in its Complaint that Defendant made certain representations in December, 2004, in connection with the parties' negotiation of the January 15, 2005 Contract in San Francisco, California. Plaintiff has also specifically described the nature

13

of the alleged misrepresentations.  See, e.g., Complaint ¶¶ 9, 14. The circumstances constituting fraud are stated with sufficient particularity to give Defendant notice of the alleged misconduct so that it can defend against the charges.  Therefore, the Court denies Defendant's motion to dismiss under Rule 9(b).

II.  Negligent Misrepresentation

Defendant moves to dismiss Plaintiff's claim for negligent misrepresentation on the grounds that (1) California law does not recognize a cause of action for negligent false promise; (2) the alleged misrepresentations are barred by the parol evidence rule; and (3) the economic loss doctrine bars Plaintiff's claim. Defendant's argument regarding the parol evidence rule is decided in Section I(B) above; the other issues are addressed below.

A.  Claim for Negligent Misrepresentation

"Where a defendant makes false statements, honestly believing them to be true, but without reasonable grounds for such belief, he may be held liable for negligent misrepresentation, a form of deceit."  Cicone v. Urs Corp., 183 Cal. App. 3d 194, 208 (1986) (quoting Roberts v. Ball, Hunt, Hart, Brown & Baerwitz, 57 Cal. App. 3d 104, 111 (1976)).  "To be actionable, a negligent misrepresentation must ordinarily be as to past or existing material facts."  Tarmann v. State Farm Mutual Auto. Ins. Co., 2 Cal. App. 4th 153, 158-59 (1991) (internal citations omitted).  In Tarmann, (the case upon which Defendant relies), the court found that a promise to pay money in the future was not actionable as negligence because it was a misrepresentation of intention rather than a misrepresentation of fact.  Id. at 158-59.

14

However, the representations alleged in the Complaint do not involve statements of Defendant's intention regarding its future conduct. Representations such as that Defendant's MCIM Solution would work within Plaintiff's existing telephony system are statements about the functionality of the product, and thus are actionable under a theory of negligent misrepresentation. Therefore, the Court denies Defendant's motion to dismiss Plaintiff's claim for negligent misrepresentation on this ground.

B.  Economic Loss Rule

Under California's economic loss rule, to recover in tort for damages caused by a defective product, a plaintiff must demonstrate personal injury or damage to property other than the product itself. Jimenez v. Super. Ct., 29 Cal. 4th 473, 483 (2002); Aas v. Super. Ct., 24 Cal. 4th 627, 635-36 (2000). However, claims of fraud and intentional misrepresentation that are independent of a breach of contract are not subject to the economic loss rule. Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 991 (2004).

It is possible that Plaintiff will prove facts, consistent with the Complaint and the License Agreement, that support a claim for negligent misrepresentation involving a breach of duty independent of the Contract. This may depend in part on which of Defendant's alleged representations were in fact included in the Contract, which in turn depends on the scope and construction of the Contract itself, an issue which is not before the Court at this time. Therefore, the Court denies Defendant's motion to dismiss

15

Plaintiff's claim for negligent misrepresentation.[3]

III. Breach of Implied Covenant of Good Faith and Fair Dealing

Defendant moves to dismiss Plaintiff's claim for breach of the implied covenant for good faith and fair dealing on the grounds that it is also based on alleged representations that are inadmissible under the parol evidence rule. For the reasons described in Sections I(A), Defendant's motion to dismiss on this basis is denied.

Defendant also moves to dismiss this claim as barred, to the extent that Plaintiff seeks damages beyond those for breach of contract. The California Supreme Court has articulated "a general rule precluding tort recovery for noninsurance breach, at least in the absence of a violation of 'an independent duty arising from principles of tort law.'" Freeman & Mills, Inc. v. Belcher Oil Co., 11 Cal. 4th 85, 102 (1995) (internal citation omitted). Here, Plaintiff may not recover in tort for breach of an implied covenant of good faith and fair dealing unless Plaintiff also establishes that Defendant breached an independent duty (i.e., committed another tort). Because the Court finds that Plaintiff has stated a claim for intentional and negligent misrepresentation, it denies

---

[3] In another case, this Court has held that negligent misrepresentation is a species of fraud, and that the economic loss rule is therefore not applicable to such a claim. Kalitta Air, LLC v. Cent. Tex. Airborne Systems, Inc., No. C 96-2494 CW, Order Denying Def.'s Mot. for Summ. J. and Granting Pl.'s Mot. to Enforce Remand, at *8-9 (N.D. Cal. Dec. 12, 2003) and Order Granting in Part and Denying in Part Def.'s Mot. for J. as a Matter of Law, at *19 (July 22, 2005). The Court certified its order to allow interlocutory appeal of this and other holdings, and the Ninth Circuit agreed to permit an interlocutory appeal, which is now pending.

16

Defendant's motion to dismiss Plaintiff's request for tort damages arising from its claim for breach of the implied covenant of good faith and fair dealing.

IV.  Common Count for Money Had and Received

Defendant moves to dismiss Plaintiff's claim for common count for money had and received, on the ground that Plaintiff cannot allege the necessary elements to support such a claim.

A common count claim is a claim based on a debt owed by a defendant to a plaintiff. The circumstances in which a common count for "money had or received" is available include:

> Where the money is paid under a contract rescinded by the plaintiff for ordinary mistake, fraud in the inducement, or innocent misrepresentation, or ordinary incapacity. . . . [Or, w]here the plaintiff elects the remedy of restitution after the defendant's breach or failure of consideration, or where the contract has become executed on one side by the plaintiff's full performance, and he elects to plead his cause of action on express contract as a common count.

4 B.E. Witkin, California Procedure § 522 (1997) (internal citations omitted).

Because the Court has found in Section I above that Plaintiff has stated claims for intentional misrepresentation and rescission of the Contract, Defendant's arguments that Plaintiff has failed to state a claim for common count are precluded. See, e.g., Shultz v. Harney, 27 Cal. App. 4th 1611, 1623 (1994) (concluding that plaintiff effectively stated a cause of action for money had and received where contract was found to be void).

V.  Punitive Damages

Finally, Defendant moves to strike Plaintiff's demand for punitive damages. To the extent that Defendant's motion rests on

17

Plaintiff's alleged failure to state a claim that would support punitive damages, it is denied because the Court finds that Plaintiff has adequately stated its claims. As the Court noted in Section III above, whether Plaintiff's claim for breach of an implied covenant of good faith and fair dealing sounds in contract or tort cannot be decided at this time.

Defendant also relies on the portion of the License Agreement which bars liability for special or exemplary damages "arising from this Agreement, or the use or inability to use the Software." License Agreement § 6.1 (capitalization and emphasis omitted). However, Defendant provides no explanation for why this portion of the License Agreement would prohibit punitive damages arising out of a claim such as intentional misrepresentation. See Tracer Research Corp. v. Nat'l Envtl. Serv. Co., 42 F.3d 1292, 1295 (9th Cir. 1994) (concluding that arbitration clause covering disputes "arising under" an agreement did not extend to cover tort claims related to the agreement). Defendant provides no reasoning or authority to explain why it believes Tracer Research to be inapposite outside of the arbitration context. Therefore, Defendant's motion to strike Plaintiff's request for punitive damages is denied.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss (Docket No. 6).

IT IS SO ORDERED.

Dated: 8/10/06

CLAUDIA WILKEN
United States District Judge